IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL PARKER, II PLAINTIFF

VERSUS NO. 2:26-cv-00015-HSO-BWR

FORREST COUNTY, MISSISSIPPI
DEFENDANTS 1-10 ALL WHOSE
NAMES ARE PRESENTLY UNKNOWN,
OFFICERS INDIVIDUALLY DEFENDANTS

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO FORREST COUNTY, MISSISSIPPI'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO FEDERAL LAW CLAIMS**

**COMES NOW**, the Plaintiff, MICHAEL PARKER, II, and submits this his *Memorandum of Law in Opposition to Forrest County, Mississippi's Motion for Judgment on the Pleadings as to Federal Law Claims* [DOC.# 10] and would show unto this Honorable Court the following:

## INTRODUCTION

On February 5, 2025, at approximately 4:00 o'clock P.M., the Plaintiff was arrested on a felony warrant which was several years old. However, the underlying charge had been dismissed/expunged previously. Plaintiff was booked into the Forrest County Jail; his booking picture was published; and he was released the following morning.

## CLAIMS

The Plaintiff has alleged three (3) federal law claims against the Defendant, particularly: unlawful arrest, unlawful detention, and failure to train/supervise.

## STANDARD OF REVIEW

Plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). To defeat a Rule 12(b)(6) Motion, the complaint need only include sufficient factual allegations "to raise a right to relief above the speculative level" and to provide "fair notice" of the Plaintiff's claims. Please see *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). In considering a Rule 12(b)(6) Motion, the Court must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff…. And ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicous Franchise, L.L.C. v. Barrie,* 819 F.3d 170 (5th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). "[T]he court must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them….and must review those facts in a light most favorable to the plaintiff." *Schydlower v. Pan Am Life Ins. Co., 231 F.R.D. 493 (W.D. Tex. 2005).*

A motion brought pursuant to Federal Rule of Civil Procedure 12(c) should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law. *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim. *Van Duzer v. U.S. Bank Nat.* Ass'n, 995 F.Supp.2d 673, 683 (S.D. Texas 2014) (See *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir.2010); *Guidry v. American Public Life Insurance Co.*, 512 F.3d 177, 180 (5th Cir.2007); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (per curiam)).

The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001); *Jones*, 188 F.3d at 324).

On a motion to dismiss, Plaintiff is not under any duty to produce evidence to show that Defendant County has violated any constitutional rights. Plaintiff's only burden is to make a plausible allegation that her son's constitutional rights were violated. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garcia v. Mendeke*, 2017 WL 3471463, *2 (W.D. Tex. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). A court "'must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.'" *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021) (citing Morgan v. Swanson, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). "'[D]etailed factual allegations' are not required at the pleadings stage." *Kelson*, 1 F.4th at 418.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), established that there is no "heightened pleading requirement" in cases against municipalities under 42 U.S.C. § 1983. According to *Leatherman*, the requirement of "a short and plain statement of the claim. . . ." is simply all that is required. *Leatherman*, 507 U.S. at 168.

## ARGUMENT

### 1. MONELL

The Defendant argues that the Amended Complaint merely recites Monell elements; however, same is not true. The Amended Complaint alleges the following: the Plaintiff was arrested on February 5, 2025; the underlying charge had been dismissed and/or expunged in 2022; the

invalidity of the warrant was readily ascertainable through available records; Plaintiff was jailed overnight; the Sheriff's Department personnel apologized to Plaintiff upon his release; the arrest and detention of Plaintiff were caused by failures in warrant verification and maintenance and record and database maintenance as well as inadequate training and supervision.

The Defendant's assertion that the allegations are merely failures, not policies, simply misses the point. A Monell claim can be based on affirmative policies; widespread customs; or failure to train, supervise, or to implement necessary procedures. Such "omissions-based" Monell claims have long been recognized.

In order to prevail on such a "deliberate indifference" Monell liability claim, a Plaintiff "must allege that the 'highly predictable consequence' of not supervising [the employees] was that they would' commit the specific constitutional violation alleged." *Watt v. New Orleans City*, 647 F. Supp. 3d 496, 502 (E.D. La. 2022) (citing *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 850 (5th Cir. 2009)).

In the instant case, it appears abundantly clear that if a county fails to adequately maintain arrest warrants and fails to implement procedures ensuring that dismissed or expunged matters are removed from active warrant systems, the highly predictable consequence is that innocent citizens will be arrested on invalid warrants.

Said another way, unlike cases involving isolated discretionary decisions by officers, Plaintiff's allegations concern the records and systems upon which such officers base their arrests. When a county maintains warrant databases and authorizes arrests from those databases, it is plainly foreseeable that failures to remove dismissed or expunged warrants will result in unconstitutional arrests and detentions. At the pleading stage, those allegations are sufficient to plausibly allege deliberate indifference and causation.

1. Unlawful Arrest

The very cases cited by the Defendant regarding the "facial validity" of a warrant absolving an officer of liability clearly indicate that it is the county's maintenance of the warrants, databases, and the like which are responsible for ensuring that invalid, recalled, dismissed, or expunged warrants are not retained as active warrants and subsequently executed against innocent citizens, such as the Plaintiff in this case. The rationale underlying such cases is not that no constitutional violation can occur, but rather that the responsibility for the accuracy of warrant information rests with the governmental systems that create, maintain, and disseminate that information, rather than the individual officer tasked with executing the warrant. See generally *Kugle v. Shields,* 62 F.3d 395 (5th Cir. 1995); *Duckett v. City of Cedar Park, Tex.,* 950 F.2d 282 (5th Cir. 1992); *Brumlow v. City of Shreveport*, No. CV 24-0741, 2025 WL 2739004, at *3 (W.D. La. Sept. 25, 2025).

Nevertheless, the Plaintiff *does not* allege that the warrant was valid on its face. Rather, the Plaintiff alleges that the warrant was invalid at the time of the arrest, which is uncontroverted. (See Amended Complaint ¶ 20).

The assertion made that the Plaintiff failed to allege with specificity that he was arrested by the Forrest County Sheriff's Department personnel is simply inconsistent with the Amended Complaint viewed as a whole. The Amended Complaint alleges that the Defendant, Forrest County, operates the Sheriff's Department and Jail; Plaintiff was arrested and booked into the Forrest County Jail and the Forrest County Sheriff's Department apologized to him; and that the arresting officer was an employee of the Forrest County Sheriff's Department acting in the scope of employment. (See Amended Complaint ¶ 33; 13; 12; 10; 15).

2. Unlawful Detention

The Defendant cites *Baker v. McCollan*, 443 U.S. 137, finding no Fourth Amendment constitutional deprivation after Plaintiff was mistakenly arrested and detained for three days on a facially valid warrant, to support its assertion that Plaintiff's detention was "based upon probable cause contained within the warrant." However, the Defendant omits the following language from such citation: "[o]bviously, one in respondent's position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment." *Baker*, 443 U.S. 137, 144 (1979). The Amended Complaint clearly states that the invalidity of the warrant was readily ascertainable through available records; the Plaintiff was released the following day; and the Forrest County Sheriff's Department apologized to him. The reference facts support the clear inference that the defect was discoverable through routine review.

Additionally, the *Baker* case predates modern Monell jurisprudence and simply does not answer the separate question of whether municipal recordkeeping failures can be actionable.

Nevertheless, the complaint alleges that the warrant should have been dismissed/expunged; its invalidity was readily ascertainable; and that the Plaintiff was arrested on such invalid warrant and was detained. Taken as true, the Plaintiff has plausibly alleged a constitutional deprivation.

The Defendant cites to ¶22 of the Amended Complaint to suggest that Plaintiff failed to provide "any factual allegations support when or why the Defendants should have discovered any issue with the warrant prior to being released from his overnight detention."

The Defendant's argument improperly attempts to impose a heightened pleading standard that is not required by Rule 8. Plaintiff alleges that he was arrested on February 5, 2025, on a warrant related to a criminal matter that had been dismissed and/or expunged years earlier; that

the invalidity of the warrant was readily ascertainable through records available to Defendants; that Plaintiff remained incarcerated overnight; and that the Forrest County Sheriff's Department apologized following his release. Moreover, the Plaintiff has alleged that the "invalidity of the warrant was, or should have been, readily ascertainable through simple and routine law enforcement databases and records which were available to Defendants at the time of arrest. (See Amended Complaint ¶9). Accepting those allegations as true, Plaintiff has plausibly alleged that Defendants either knew or should have known that the warrant was invalid and nevertheless continued to detain him.

At the pleading stage, Plaintiff is not required to identify the precise minute at which a particular employee should have discovered the defect, the particular database that should have been consulted, or the specific employee responsible for discovering the error. Such information is uniquely within Defendants' possession and is properly the subject of discovery rather than a Rule 12(c) motion.

**B. Policy, Practice, or Custom**

Defendant's argument improperly conflates affirmative written policies with all forms of municipal policy recognized under Monell. Plaintiff does not allege that Forrest County adopted a written policy directing deputies to arrest citizens on invalid warrants. Rather, Plaintiff alleges that Forrest County failed to implement adequate warrant-verification procedures, failed to maintain accurate warrant records, failed to recall invalid warrants, failed to maintain its databases, and failed to properly train and supervise personnel responsible for warrant verification. (Amended Complaint ¶¶ 14-16, 25-27).

As discussed hereinabove, municipal liability may arise from omissions, including failures to train, supervise, implement necessary safeguards, or maintain adequate procedures where those omissions reflect deliberate indifference to constitutional rights.

Additionally, the Plaintiff is not required at the pleading stage to identify the precise policy, policymaker directive, database protocol, or training curriculum responsible for the constitutional violation. The Amended Complaint alleges that the underlying criminal matter had been dismissed years before Plaintiff's arrest; that the invalidity of the warrant was readily ascertainable through records available to Defendants, and that Plaintiff was nevertheless arrested, jailed, and detained pursuant to that warrant. Accepting those allegations as true, it is plausible to infer that the Defendant's deficiencies in its warrant maintenance, recall, recordkeeping, verification, and/or supervisory procedures caused the constitutional deprivation alleged by Plaintiff.

Defendant further argues that the Plaintiff has alleged a singular, isolated incident. However, the existence of a pattern is not an element that must be plead with specificity before discovery. The Amended Complaint clearly concerns the Defendant's maintenance of warrant records and databases—the very systems upon which the officers would rely on when making arrests. Because the invalid warrant was allowed to be maintained, it is not unforeseeable to the Defendant that same would be subsequently executed and the constitutional violation would occur.

At a minimum, the allegations contained in the Amended Complaint state a claim sufficient to permit discovery into the County's policies, customs, and practices.

**C. Deliberate Indifference**

The Defendant's argument that the improper recordkeeping of active warrants would not "foreseeably" result in constitutional violations such as the claims asserted herein by Plaintiff is simply disingenuous.

It is more than plausible and foreseeable that if the Defendant permitted invalid warrants to remain "active" despite being dismissed and/or expunged, that an officer would act upon such invalid warrants and effectuate an arrest of a citizen illegally.

This argument is likewise contradicted by the earlier assertion by the Defendant that this warrant was "facially valid." Conceivably, the only way that this warrant could have been "facially valid" would indicate a extreme and significant defect in the Defendant's record keeping system which resulted in an officer acting upon said warrant and wrongfully arresting and detaining the Plaintiff—all being foreseeable if the County concedes that it inadequately maintained its warrant database.

D. Failure to Train/Supervise

The Defendant incorrectly asserts that the Amended Complaint failed to allege Forrest County maintains databases containing warrants; and/or the record databases were, in fact, incorrect. To the contrary, Plaintiff specifically alleges that the invalidity of the warrant was readily ascertainable through law enforcement databases and records available to Defendants (Amended Complaint ¶ 9), that Forrest County failed to implement adequate warrant-verification procedures (Amended Complaint ¶ 15), and that Forrest County failed to maintain accurate criminal and warrant records and failed to adequately maintain its databases (Amended Complaint ¶ 25). The Defendant may dispute those allegations, but it cannot plausibly contend they are absent from the pleadings.

The Defendant appears to "read-in" facts to suggest that the Plaintiff's assertion that "the invalidity of the warrant was readily ascertainable through law enforcement databases and records available to Defendants" indicates that the officer simply failed to check such databases. On the contrary, the Plaintiff has clearly asserted that the warrant was no longer of any force or

consequence as the underlying charge had been dismissed and/or expunged; therefore, the invalidity of same was, as alleged, “readily ascertainable through law enforcement databases and records available to Defendants.”

Defendant improperly attempts to convert Rule 8's plausibility standard into a requirement that Plaintiff plead the contents of Forrest County's internal training manuals, supervisory procedures, and administrative protocols before any discovery has occurred. Plaintiff alleges that Forrest County failed to implement adequate warrant-verification procedures, failed to maintain accurate criminal and warrant records, failed to recall invalid warrants, failed to adequately maintain its databases, and failed to properly train and supervise deputies regarding confirmation of warrant validity prior to arrest. Amended Complaint ¶¶ 14-16, 25-27. Those allegations identify the specific operational areas in which Plaintiff contends Forrest County's policies and omissions resulted in the constitutional deprivation suffered by Plaintiff.

Defendant further argues that Plaintiff has failed to allege a pattern of similar violations. While a pattern is ordinarily one method of establishing deliberate indifference, it is not invariably required. The Supreme Court has recognized that liability may arise where the constitutional injury is a highly predictable consequence. See *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 850 (5th Cir. 2009).

Moreover, Defendant's argument improperly focuses upon the ultimate proof required to prevail rather than the allegations required to survive a Rule 12(c) motion.

This is not a traditional failure-to-train case involving a decision by a deputy. Rather, this is a case involving warrant-maintenance, warrant-recall, and recordkeeping systems, maintained by Defendant. The precise injury alleged—arrest and detention on an invalid warrant—is the predictable consequence of failures in those systems.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, your Plaintiff, MICHAEL PARKER, II, respectfully requests that this Honorable Court deny Forrest County, Mississippi's Motion for Judgment on the Pleadings as to Federal Law Claims [DOC.# 10] for the reasons recited herein and discovery should be allowed to proceed.

Alternatively, the Plaintiff prays that this Honorable Court defer ruling on the Defendant's Motion for Judgment on the Pleadings until discovery has been concluded. The Plaintiff further prays for general relief to which he may be entitled.

Respectfully submitted this 10th day of June 2026.

MICHAEL PARKER, II

By: /s/ E. Nicholas Cerra
E. Nicholas Cerra, Attorney for Plaintiff

**E. NICHOLAS CERRA**, *MSB# 105671*
Cerra Law Firm, PLLC
120 South 11th Avenue
Post Office Box 722
Laurel, MS 39441
T: 601-453-8984
F: 601-300-8097
Email: ENCerra@CerraLawFirm.com

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for Plaintiff , hereby certify that on this day I filed the foregoing pleading with the Clerk of Court via the ECF System, which gave notice of the same to the following:

Christina J. Smith (Msb#: 105483)
William R. Allen (Msb#: 100541)
Butler Snow, LLP
1020 Highland Colony Pkwy, Suite 1400
Ridgeland, MS 39157
Email: will.allen@butlersnow.com
Email: christina.smith@butlersnow.com
Attorneys for Defendant

This 10th day of June 2026.

By: /s/ E. Nicholas Cerra
E. Nicholas Cerra, Attorney for Plaintiff