UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
Nov 17 2026
ARTHUR JOHNSTON, CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MICHAEL PARKER, II** **PLAINTIFF**

**v.** **Civil No. 2:26cv15-HSO-BWR**

**FORREST COUNTY, MISSISSIPPI** **DEFENDANT**

# MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT FORREST COUNTY, MISSISSIPPI'S MOTION [10] FOR JUDGMENT ON THE PLEADINGS, AND DENYING WITHOUT PREJUDICE MOTION [8] FOR JUDGMENT ON THE PLEADINGS

Plaintiff Michael Parker, II, brings this action against Defendant Forrest County, Mississippi, Am. Compl. [2] at 2, advancing multiple theories of liability, including 42 U.S.C. § 1983, municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and liability under Mississippi state law, *see id.* at 1-8. Defendant Forrest County has filed a Motion [8] for Judgment on the Pleadings as to Parker's state-law claims, and a Motion [10] for Judgment on the Pleadings as to Parker's federal-law claims. *See* Mot. [8]; Mot. [10]. Forrest County's Motion [10] concerning federal-law claims should be granted, and its Motion [8] concerning state-law claims should be denied without prejudice.

## I. BACKGROUND

This case arises out of the assertedly unlawful arrest and temporary detention of Plaintiff Michael Parker, II ("Parker" or "Plaintiff"), by officers of Defendant Forrest County, Mississippi ("Forrest County" or "Defendant"), on February 5, 2025. *See* Am. Compl. [2] at 3. In particular, Parker alleges Forrest

County deputies arrested and detained him for approximately seventeen and a half hours on the basis of a felony arrest warrant "issued several years prior which was wholly invalid," as "the underlying charge had been dismissed and/or expunged in 2022." *See id.* As a consequence of the unlawful arrest and detainment, Parker claims he "suffered severe economic impact, including loss of income; has suffered humiliation and damage to his reputation from his photo and arrest being posted on social media via the Forrest County Jail Docket; and has suffered emotional damages." *Id.* He also asserts that Forrest County's deputies "were acting within the scope and course of their employment with Defendant, Forrest County, Mississippi," and that "[t]he unlawful arrest and detention were caused by Forrest County's policies, practices, or customs, including failures in warrant verification, record maintenance, and training and supervision of deputies." *Id.* at 4. Parker further alleges Forrest County "failed to implement adequate procedures to ensure deputies confirm the validity of warrants before making arrests," and that said failure "reflect[s] deliberate indifference to the constitutional rights of individuals subject to arrest, including plaintiff." *Id.* Plaintiff then tallies six causes of action: (1) unlawful arrest under 42 U.S.C. § 1983; (2) unlawful detention under 42 U.S.C. § 1983; (3) municipal liability under *Monell*; (4) false arrest/false imprisonment under the Mississippi Tort Claims Act ("MTCA"), Mississippi Code §§ 11-46-1-23; (5) negligence under the MTCA; and (6) intentional infliction of emotional distress under Mississippi law. *Id.* at 4-7.

Defendant Forrest County brought its Motions [8], [10], for Judgment on the Pleadings under the theory that Plaintiff has failed to state a claim on any of his causes of action against it. *See generally* Mem. [9]; Mem. [11]. Specifically as to Parker's federal claims, Forrest County contends, among other things, that he did not carry his burden to plead municipality liability under *Monell*. *See* Mot. [10]; Mem. [11]. Parker has responded in opposition. *See* Resp. [15]; Mem. [16].

## II. DISCUSSION

### A. Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Turner v. BNSF Ry. Co.*, 138 F.4th 224, 228 (5th Cir. 2025) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). "The central issue [under Rule 12(b)(6)] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotations omitted). Even so, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

42 U.S.C. § 1983 provides a cause of action against state officials who deprive individuals of rights guaranteed by the Constitution or laws of the United States. In order to hold a municipality (like a county government) liable under § 1983, a plaintiff must show that an "official municipal policy of some nature" caused the alleged harm. *Monell*, 436 U.S. at 691; *see also Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009). "[A] municipality cannot be held liable solely

because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell,* 436 U.S. at 691. "Proof of municipal liability sufficient to satisfy *Monell* requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). An official policy need not always be written and can instead be proven by a "pattern" of "sufficiently numerous prior incidents" of constitutional abuses. *See Peterson*, 588 F.3d at 850-51 (quotations omitted). But even at the pleading stage, that pattern of abuses requires sufficient "specificity," and also "similarity" to a plaintiff's complained-of harms. *See Martinez v. Nueces Cnty., Texas*, 71 F.4th 385, 389 (5th Cir. 2023).

B. Analysis

Because Parker's action is against a municipality, Forrest County, he must satisfy the Fifth Circuit test for municipality liability. *See Pineda*, 291 F.3d at 328. He has not done so, such that Parker's federal claims should be dismissed, and the Court will decline supplemental jurisdiction over his state-law claims. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989)) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").

1. Parker has not stated a valid claim for relief under *Monell*.

"Proof of municipal liability sufficient to satisfy *Monell* requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda*, 291 F.3d at 328 (quoting *Piotrowski*, 237 F.3d at 578). One way an official policy can be shown is through a "pattern" of "sufficiently numerous prior incidents" of constitutional abuses by a municipality. *See Peterson*, 588 F.3d at 850-51 (quotations omitted). Parker has not plausibly alleged step one.

Plaintiff's Response Memorandum [16] concedes that he does not allege Forrest County adopted a written policy that directs deputies to arrest citizens on invalid warrants. Mem. [16] at 7. Rather, Parker contends he plausibly alleged that Forrest County "failed to implement adequate warrant-verification procedures, failed to maintain accurate warrant records, failed to recall invalid warrants, failed to maintain its databases, and failed to properly train and supervise personnel responsible for warrant verification." *Id.* (citing Am. Compl. [2] at 4, 5-6). Plaintiff refers to these theories of liability as "'omissions-based' Monell [sic] claims," and that they have "long been recognized." *Id.* at 4 (citing no authority); *see also id.* at 8. He further states that "the existence of a pattern is not an element that must be plead [sic] with specificity before discovery," citing to no authority for that proposition. *See id.* at 8. That assertion is incorrect.

In *Martinez v. Nueces County, Texas*, 71 F.4th 385 (5th Cir. 2023), the United States Court of Appeals for the Fifth Circuit held that the plaintiff in that case

failed to allege a custom or policy sufficient to state a claim under *Monell* after he *did* allege a pattern of examples, because his examples did not show adequate "similarity" to the plaintiff's claims and lacked "specificity." *Martinez*, 71 F.4th at 389-90. The *Martinez* Court reasoned that the vague description of facts the plaintiff there alleged made it impossible to assess whether his harms were related to a pattern of constitutional violations perpetrated by the county. *See id.* The Court of Appeals thus concluded that the district court had correctly dismissed the plaintiff's claims against the county for failure to "properly allege[] a custom or policy that was the moving force of his injuries." *Id.* at 390.

Here, the impossibility of determining whether a pattern of examples of constitutional abuses by Forrest County is sufficiently specific, and similar to Parker's claims, is all the more clear. Indeed, Parker has not alleged any examples of such a pattern. "The bar to survive a motion [for judgment on the pleadings] is low, but not that low." *Id.* Taking Parker's Amended Complaint [2] in the light most favorable to him, one may argue (though Parker has not) that allegations of recordkeeping failures inherently concern pattern-like behavior. Even if that were true, governing precedent still requires a plaintiff to plead other examples of constitutional abuses caused by the putative pattern of behavior sufficient to prove a municipal policy where, as here, no written policy is alleged. *See id.* at 389-90; *see also Peterson*, 588 F.3d at 850-51. Parker has not done that. Because Plaintiff has not satisfied the first step to plausibly allege a § 1983 municipal liability claim, all his federal-law claims against Forrest County should be dismissed.

2. The Court declines supplemental jurisdiction over Parker's state-law claims.

Parker's § 1983/*Monell* claims conferred this Court with original, federal-question jurisdiction. *See* 28 U.S.C. § 1331. Without those claims, the Court lacks original jurisdiction over Parker's case unless there exists complete diversity between him and Forrest County. *See* 28 U.S.C. § 1332. Complete diversity requires all parties on one side of the controversy to be citizens of different states than all parties on the other side; if a plaintiff and any one defendant are citizens of the same state, diversity is destroyed. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Here, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Parker was (and to the Court's knowledge, still is) a citizen of Mississippi when the original Complaint [1] was filed, and Forrest County is a political subdivision of the State of Mississippi. Am. Compl. [2] at 2.

Once a district court dismisses all claims over which it had original jurisdiction, it has discretion to decline to exercise supplemental jurisdiction over any remaining state-law claims. *See St. Germain v. Howard*, 556 F.3d 261, 263-64 (5th Cir. 2009). In deciding whether to exercise supplemental jurisdiction, a court considers the statutory factors under 28 U.S.C. § 1367(c) and common-law considerations of judicial economy, convenience, fairness, and comity. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). No single factor is dispositive. *Id.* The statutory factors favoring declination of supplemental jurisdiction are:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Though there is no indication of a novel or complex issue of state law here, the Court has dismissed all claims over which it had original jurisdiction such that state-law claims now predominate. “[The] general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.” *Parker*, 972 F.2d at 585 (citing *Wong*, 881 F.2d at 204). Additionally, this case is at an early stage of litigation; no discovery has taken place, for example. Where little has occurred during the pendency of a litigation, as is true here, judicial economy favors declining supplemental jurisdiction. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159-60 (5th Cir. 2011) (explaining that where neither party would need to duplicate any research, discovery, briefing, hearing, or other trial preparation work, judicial economy favors declining supplemental jurisdiction). Furthermore on the common-law factors, comity is advanced by declining to hear state-law issues such that they can be litigated in state courts, and nothing in the record of this case indicates that future litigation of the remaining claims in state court would inconvenience or be unfair to any party. Supplemental jurisdiction over Parker’s remaining state-law claims should thus be declined pursuant to § 1367(c).

## III. CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Forrest County, Mississippi's Motion [10] for Judgment on the Pleadings as to Plaintiff Michael Parker, II's, federal-law claims is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Forrest County, Mississippi's Motion [8] for Judgment on the Pleadings as to Plaintiff Michael Parker, II's, state-law claims is **DENIED WITHOUT PREJUDICE**, as the Court **DECLINES** to exercise supplemental jurisdiction over those claims. Plaintiff' state-law claims are therefore **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 17th day of November, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE